IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NORMAN MALONE,

Petitioner,

v.

CORRECTIONS CORPORATION OF AMERICA,

Respondent.

ORDER

3:07-cv-377-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 26, 2007, I granted petitioner Norman Malone's request for leave to proceed in forma pauperis on appeal because I had found in a previous order that petitioner's appeal is not taken in bad faith and that he is not barred by the three strikes provision of 28 U.S.C. § 1915(g). In the same order, I assessed petitioner an initial partial payment of the $455 filing fee in the amount of $21.28 and gave him until December 17, 2007 to make the payment.

Now petitioner has filed a "motion for leave to proceed in forma pauperis on appeal" and an "affidavit accompanying motion for permission to appeal in forma pauperis." It is unclear why petitioner filed his recent motion, because I have already construed his notice of appeal to include a request to proceed in forma pauperis. However, while reviewing the

record in this case, I realized that I erred in deciding that petitioner's appeal was not taken in bad faith and that, therefore, it was also error to grant petitioner's request for leave to proceed in forma pauperis on appeal. Therefore, I will amend the November 2, 2007 order to certify that petitioner's appeal is *not* taken in good faith and rescind the November 26, 2007 order granting petitioner's request for leave to proceed in forma pauperis on appeal.

At the time petitioner filed the complaint in this case, he was confined at Kettle Moraine Correctional Institution in Plymouth, Wisconsin. Petitioner's complaint alleged violations of his constitutional rights arising out of a disturbance at a facility in Oklahoma which took place in April 2003. Because the statute of limitations for cases brought under 42 U.S.C. § 1983 is controlled by state law and petitioner had exceeded Oklahoma's two-year limitations period, I dismissed his case for failure to state a claim upon which relief may be granted. On October 25, 2007, petitioner filed a notice of appeal of the order dismissing his case. Petitioner's notice did not include payment of the $455 filing fee so I construed the notice to include a request for leave to proceed in forma pauperis.

As petitioner is aware, he cannot proceed in forma pauperis on appeal if I certify that his appeal is not taken in good faith. In Hains v. Washington, 131 F.3d 1248 (1997), the court of appeals suggested that when a district court dismisses an action for failure to state a claim upon which relief can be granted, it ordinarily should not find good faith for an appeal except in rare circumstances, which the district court is to articulate in allowing the

appeal to go forward. This is not an exceptional case. There is no room for debate among reasonable jurists whether petitioner's claim is barred by the statute of limitations. Therefore, I must certify petitioner's appeal as not being taken in good faith.

Because I am certifying petitioner's appeal as not being taken in good faith, petitioner cannot proceed with his appeal without prepaying the entire $455 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. Petitioner's motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Petitioner should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline. If petitioner fails to pay the fee within the deadline set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from petitioner's prison account.

ORDER

IT IS ORDERED that

1) the November 2, 2007 order is AMENDED to certify that petitioner's appeal is not taken in good faith; and

2) the November 26, 2007 order granting petitioner's request for leave to proceed in forma pauperis on appeal and assessing him an initial partial payment of the $455 fee for filing his appeal is RESCINDED.

Entered this 4th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge